# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HARRIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07 CV 2561 |
| WAL-MART STORES, INC., | ) ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, William Harris, filed a class-action suit, alleging violation of the Fair and Accurate Credit Transactions Act ("FACTA"), against Wal-Mart Stores, Inc. ("Wal-Mart"). Currently before the Court is Wal-Mart's Motion to Dismiss.

## BACKGROUND

A reading of Harris's Complaint supports the following summary of the alleged operative conduct of the parties.

On May 5, 2007, Harris used his credit card to make a purchase from Wal-Mart's online store. The computer-generated receipt for the transaction that Harris received from Wal-Mart displayed the expiration date for his credit card. Harris estimates that over 100 persons in Illinois received similar electronically printed receipts for online transactions after December 4, 2006. All of these receipts displayed either the expiration date of the customer's credit or debit card or more than the last five digits of that card.

## ANALYSIS

"The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits." *McClain v. U.S. Dep't of Justice*, 1999 WL 759505 (N.D. Ill. Sept. 1, 1999). In reviewing a motion to dismiss, the Court must consider all facts alleged in the complaint as true and view any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

The Federal Rules of Civil Procedure provide that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (internal citations omitted) (*Bell Atlantic*). This pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]"; and, "of course, a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable and 'that a recovery is very remote and unlikely.'" *Walker v. S.W.I.F.T. SCRL*, ___ F. Supp. 2d. ___, ___ (N.D. Ill. 2007), 2007 WL 1704293 at *2. Accordingly, the Court will only allow a plaintiff's claim to survive a motion to dismiss for failure to state a claim when "the claim [is] supported by facts that, if taken as true, at least plausibly suggest that [the plaintiff] is entitled to relief." *Messner v. Calderone*, 2007 WL 1832116 at *2 (N.D. Ill. June 25, 2007).

In 2003, Congress amended the Fair Credit Reporting Act by passing the Fair and Accurate Credit Transactions Act. The FACTA imposes regulations that either demand or forbid the disclosure of consumers' credit information in specific circumstances. *See generally* 15 U.S.C. § 1681c. The subsection of the FACTA at issue in the instant case imposes a limitation upon the disclosure of credit and debit card information by those who accept the cards for business transactions. *See* 15 U.S.C. § 1681c(g). The applicable portion of the FACTA reads, in full:

> (g) Truncation of credit card and debit card numbers
>
> (1) In general
>
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.
>
> (2) Limitation
>
> This subsection shall apply only to receipts that are electronically printed, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.
>
> (3) Effective date
>
> This subsection shall become effective—
>
> (A) 3 years after December 4, 2003, with respect to any cash register or other machine or device that prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005; and
>
> (B) 1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C.§ 1681c(g). In short, the subsection prohibits the electronic printing of receipts that contain more than the last five digits of a consumer's credit or debit card number or the expiration date of the credit or debit card.

Harris has alleged, specifically, that on May 5, 2007, he "received from Wal-Mart from its online store a computer-generated receipt, which displayed his card expiration date at the point of sale," and that

> Wal-Mart provided an electronically printed receipt at the point of sale or transaction [to all members of the proposed class], in a transaction occurring after December 4, 2006, which . . . displays [sic] either (a) more than the last five digits of the person [sic] credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

Harris has alleged that Wal-Mart engaged in the precise conduct proscribed by the FACTA. He has claimed that Wal-Mart printed receipts containing consumer credit information in an improper manner, after the date on which the FACTA became effective. Harris's factual allegations clearly raise the right to relief above a speculative level; and his claim is, therefore, sufficiently plead, within the requirements outlined by the United States Supreme Court in *Bell Atlantic*.

Wal-Mart asserts, as the basis for its Motion to Dismiss, that it did not print the receipt in question, within the meaning of the statute. It argues that "print" has but one plain meaning, which does not encompass the alleged conduct. In support of this argument, Wal-Mart explains that the receipt in question was displayed on a computer screen for Harris's viewing, as opposed to having been provided to Harris in paper form. Though it may have accurately portrayed the facts of this case, Wal-Mart goes beyond

4

Harris's Complaint. By supplementing the facts provided by Harris as the basis for his claim, Wal-Mart asks the Court to go beyond the allegations in Harris's Complaint, which would result in converting Defendant's motion to a motion for summary judgment. The Court declines to do so.

Wal-Mart also raises an alternative argument concerning the definition of the word *print*. Wal-Mart contends that if the Court accepts Harris's definition of *print*, Section 1681c(g) would be unconstitutionally vague. However, it is not now necessary to define the word *print*; and, in order to address Wal-Mart's alternative argument that Section 1681c(g) is unconstitutionally vague, the Court would be required to go beyond the scope of the factual allegations contained in the Complaint. Thus, Wal-Mart's alternative argument is premature.

## CONCLUSION

For the foregoing reasons, Wal-Mart's Motion to Dismiss is denied.

Dated: October 18, 2007

JOHN W. DARRAH
United States District Court Judge

5