UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM HARRIS, individually )
and on behalf of all others )
similarly situated, ) No. 07 C 02561
 )
Plaintiff, )
 ) Judge John W. Darrah
v. )
 )
WAL-MART STORES INC., )
 )
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, William Harris, individually and on behalf of a putative class of consumers, filed suit against Defendant, Wal-Mart Stores Inc., alleging a violation of the Fair and Accurate Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq*. Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. (Docket # 78). For the reasons stated below, Defendant's motion is granted.

## BACKGROUND

This case arises from a transaction in which Plaintiff made an on-line purchase through Defendant's Internet website on May 5, 2007. After completion of the May 5 transaction, Plaintiff received a computer-generated receipt from Defendant, which displayed the expiration date of Plaintiff's credit card. Plaintiff filed his initial Complaint and a subsequent amended complaint, alleging that Defendant willfully violated FACTA by printing Plaintiff's credit card expiration date on the receipt.[1]

---

[1] FACTA prohibits merchants from printing expiration dates on receipts. 15 U.S.C. § 1681c(g).

Plaintiff sought statutory damages, attorneys' fees and costs as a result of Defendant's alleged willful noncompliance of FACTA under § 1681n. Plaintiff did not seek any actual damages, and did not allege a violation of 15 U.S.C. § 1681o, which prohibits negligent violations of FACTA.

On June 3, 2008, Congress enacted the Credit and Debit Card Receipt Clarification Act, Pub. L. No. 110-241 (the "Clarification Act"), retroactively amending 15 U.S.C. § 1681n (willful noncompliance of FACTA). The effect of the Clarification Act is to bar FACTA claims arising from a merchant's printing of a plaintiff's credit or debit card expiration date, absent actual harm to such plaintiff's credit or identity – the mere act of printing a credit or debit card expiration date does not cause actual harm. Shortly after the Clarification Act was signed into law, Plaintiff filed a Second Amended Complaint, which no longer alleges that Defendant willfully violated FACTA under § 1681n (willful noncompliance of § 1681) but, rather, alleges Defendant negligently violated FACTA pursuant to § 1681o (negligent noncompliance of § 1681). Plaintiff no longer seeks statutory damages but, rather, generally claims damages for emotional distress and the "inconvenience and cost associated with mitigating the increased risk of identity theft and credit card fraud." (Pl.'s Motion to Amend, Docket # 66, at 4). Plaintiff's Second Amended Complaint does not contain this language but contains only a statement that Plaintiff is entitled to recover "actual damages."

## LEGAL STANDARD

The court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff when ruling on a motion to dismiss. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Pursuant to the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" in order to meet Rule 8(a)(2)'s requirements. 127 S.Ct. 1955, 1964 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual obligations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 1964-65. In order to survive a motion under Rule 12(b)(6), the allegations must be "enough to raise a right to relief above the speculative level." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## ANALYSIS

Defendant argues that the Clarification Act bars Plaintiff's claim because the Act makes clear that actual harm to a plaintiff's credit or identity is required.

The provision Plaintiff alleges that Defendant violated states, in pertinent part, "no person that accepts credit cards or debit cards . . . shall print . . . the expiration date upon any receipt provided to the card holder. . . ." 15 U.S.C. § 1681c(g)(1). In order to successfully allege a negligence-based FACTA claim, Defendant contends Plaintiff must demonstrate that he sustained actual damages. 15 U.S.C. § 1681o(a)(1). Plaintiff contends, *inter alia*, that the Clarification Act is not applicable to a § 1681o claim.

Congress made clear that its purpose in enacting the Clarification Act and amending § 1681n was to allow claims as a result of actual harm to one's credit or identity and to dispense with claims where no actual harm is sustained. Though the Clarification Act specifically amends § 1681n (willful noncompliance) and does not specifically amend § 1681o (negligent noncompliance), Congress expressed its clear intent to bar claims where no actual harm to credit

or identity is sustained and, thus, the Clarification Act applies equally to negligence-based claims as it does to willful violations. The Act plainly states:

> The purpose of this Act is to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers.

Pub. L. No. 110-241, § 2(b) (2008). In addition, the Act provides:

> The amendment . . . shall apply to any action . . . that is brought for a violation of section 605(g) of the Fair Credit Reporting Act. . . .[2]

Pub. L. No 110-241, § 3(b) – Scope of Application.

The language contained in the scope of the Clarification Act's application – "shall apply to any action" – the stated purpose, evidences an unequivocal intent on the part of Congress to bar FACTA claims based on the printing of credit card expiration dates in the absence of actual harm to a plaintiff's credit or identity, including § 1681o claims.

## CONCLUSION

Plaintiff has failed to sufficiently state a claim against Defendant for negligently violating FACTA and alleges only the general statutory language of "actual damages." Therefore, Defendant's Motion to Dismiss is granted, provided further that Plaintiff may file an amended complaint consistent with this opinion and Rule 11 of the Federal Rules of Civil Procedure within 30 days of this order.

Dated: 11-25-08

JOHN W. DARRAH
United States District Court Judge

---

[2] Section 605(g) of the Fair Credit Reporting Act is codified as 15 U.S.C. § 1681c.

4